IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>          Plaintiff,<br><br>     v.<br><br>GLORIA ANN DORSEY,<br><br>          Defendant.<br>_____ / | No. C -12-02635 EDL<br><br>**ORDER VACATING MOTION HEARING AND GRANTING MOTION TO REMAND AND DENYING REQUEST FOR FEES** |

Plaintiff First National Mortgage Association filed a motion to remand this unlawful detainer action to Alameda County Superior Court following removal by Defendant Gloria Ann Dorsey. Defendant did not file an opposition to the motion to remand. The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). Because this matter is appropriate for decision without oral argument, the Court vacates the September 4, 2012 hearing on the motion to remand. For the following reasons, the Court grants Plaintiff's motion to remand and denies Plaintiff's request for fees.

**BACKGROUND**

According to the allegations of the Complaint, in April 2007, Defendant executed a deed of trust encumbering real property known as 1025 106th Avenue in Oakland, California. Request for Judicial Notice ("RJN") Ex. 2.[1] Following Defendant's default, the Trustee sold the property to

---

[1] In support of its motion to remand, Plaintiff filed a request for judicial notice of various publicly filed documents. See Pl.'s Req. for Judicial Notice ("RJN") Ex. 1-5. Under Federal Rule of Civil Procedure 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Furthermore, a court "shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Civ. P. 201(d); Mullis v. United States Bank, 828 F.2d 1385, 1388 n. 9 (9th Cir. 1987). A court may also take judicial notice of matters of public record. Lee v. City of L.A., 250

Plaintiff at a non-judicial foreclosure sale on February 7, 2012. Id. Ex. 1 (Compl. ¶ 3); Ex. 4 (Trustee's Deed Upon Sale). The Trustee's sale was duly perfected by recording a Trustee's Deed Upon Sale in the Office of the County Recorder of Contra Costa County, California. Id.

On March 6, 2012, Plaintiff caused to be served on Defendant a Notice to Quit. RJN Ex. 1 at ¶ 6; Ex. B. The Notice to Quit expired, but Defendant continued to remain in possession of the property without Plaintiff's permission or consent. Id. ¶ 7.

Plaintiff filed a complaint for unlawful detainer in the Superior Court for the County of Alameda on March 13, 2012. RJN Ex. 1. On or about April 23, 2012, Defendant filed an Answer in response to Plaintiff's complaint. RJN Ex. 3. Defendant removed this action on May 22, 2012, on the ground that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441. Notice of Removal at 2.

**LEGAL STANDARD**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow

---

F.3d 668, 689 (9th Cir.2001). Here, Defendant does not challenge the authenticity of the documents contained in Plaintiff's Request for Judicial Notice, and they are judicially noticeable under Federal Rule of Evidence 201.

Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).  Because the Court lacks jurisdiction over this case, it must be remanded.

**DISCUSSION**

**A.      There is no federal jurisdiction in this case.**

      **1.      No Federal Question Jurisdiction**

Defendant stated in the Notice of Removal that the removal is proper because the Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff points out that this case is not removable on this basis because the Complaint alleges only a single state law claim for unlawful detainer.

Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court.  See 28 U.S.C. § 1441.  A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").  This rule makes the plaintiff the master of its claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law.  Id.  Further, whether a case arises under federal law does not depend upon matters raised in the answer.  Holmes, 535 U.S. at 830-31 (". . . whether a case arises under federal patent law 'cannot depend upon the answer.'  Moreover, we have declined to adopt proposals that 'the answer as well as the complaint ... be consulted before a determination [is] made whether the case "ar[ises] under" federal law ... .'") (internal citations omitted); Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974) ("The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.'  Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'").

1    Here, the face of the Complaint, which asserts only one state law claim for unlawful detainer,
2 does not provide any ground for removal.  To the extent that Defendant may have raised federal law
3 issues in the answer or believes that the state court action was filed in violation of Defendant's rights
4 under federal law, those issues do not provide a basis for removal.  Therefore, remand is proper
5 because the Complaint, on its face, does not arise under federal law.

6    **2.    No Diversity Jurisdiction**

7    Further, although Defendant does not allege jurisdiction based on 28 U.S.C. § 1332, the
8 Court notes that it lacks jurisdiction under that section.  Pursuant to 28 U.S.C. § 1332, this Court has
9 diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or
10 value of $75,000, exclusive of interests and costs."  The face of the Complaint shows that the
11 amount in controversy has not been met.   Here, the Complaint prominently states: (demand for
12 complaint is less than $10,000)," and the civil case cover sheet of the complaint indicates: "Amount
13 demanded is $25,000 or less."  See Cal. Code Civ. Pro § 85; Glendale Fed. Bank v. Hadden, 73 Cal.
14 App. 4th 1150, 1156-57 (1999) (holding that municipal court had jurisdiction over landlords'
15 unlawful detainer action in which the tenants' unpaid rent was less than the court's jurisdictional
16 limit of $25,000, even though tenants' lender had a $300,000 loan that was secured by a deed of trust
17 in tenants' leasehold interest and even though the unlawful detainer action terminated the lender's
18 interest in the lease); RJN Ex. 1.  Therefore, this case was not removable as a diversity action.

19 **B.    Plaintiff's request for attorney's fees and costs is denied**

20    Plaintiff seeks $2,400.00 in fees allegedly incurred as a result of the improper removal.  See
21 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual
22 expenses, including attorney fees, incurred as a result of the removal."); Declaration of Linda Seals
23 ¶¶ 3-5.  Plaintiff contends that there was no legal basis for Defendant's removal, and that removal
24 has frustrated the summary nature of the unlawful detainer process.  Plaintiff argues that Defendant
25 removed this action for the sole purpose of delaying Plaintiff's possession of the property.

26    "An order remanding the case may require payment of just costs and any actual expenses,
27 including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme
28 Court has held: "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c)

**United States District Court**
For the Northern District of California

only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005) (citations omitted) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."). Unusual circumstances may include: "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." Martin, 546 U.S. at 141 ("When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c).").

Here, although an award of fees and costs would be appropriate because there was no objectively reasonable basis for removal of this purely state law case, Defendant is pro se. See U.S. Bank v. Heath, 2010 WL 1258173, at *2 (D. Ariz. Mar. 26, 2010) ("The Court agrees with Plaintiff that removal of this action was not warranted by fact or law. Given Defendants' pro se status, however, the Court will exercise its discretion and deny the request for fees and costs."). Accordingly, the Court exercises its discretion to deny an award of fees in this case.

**CONCLUSION**

Because the Court lacks jurisdiction over this case, Plaintiff's motion to remand is granted. Plaintiff's request for fees is denied.

**IT IS SO ORDERED**.

Dated: August 22, 2012

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

5